UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 2000 P Street, NW, Suite 240 Washington, D.C. 20036  Plaintiff,  v.  U. S. Department of Agriculture, 1400 Independence Ave, SW Washington, DC 20250  Defendant. | Civil Action #  **COMPLAINT** |

**PRELIMINARY STATEMENT**

1. This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, in order to compel the U.S. Department of Agriculture/Animal and Plant Health Inspection Service ("USDA" and "APHIS") to disclose records wrongfully withheld after a FOIA request and subsequent appeal from Plaintiff. FOIA requires that federal agencies respond to public requests for documents, including files maintained electronically, in order to increase public understanding of the workings of government and access to government information.

2. Plaintiff Public Employees for Environmental Responsibility ("PEER") is a non-profit organization with tax-exempt status dedicated to research and public education concerning the activities and operations of the federal government. Initially, Plaintiff, in a letter dated November 14, 2007, requested information regarding the National Safety Review of APHIS's Wildlife Services ("WS") program. Mr. William H. Clay responded to Plaintiff via a letter dated November 19, 2007, in which he described

pending and prior safety reviews of the WS program, including a National Safety Review.

3. Plaintiff submitted the subject FOIA request (including a fee waiver request), attached hereto, to USDA dated January 28, 2008, which the USDA received on January 29, 2008. Plaintiff requested the subject records in order to clarify and detail the pending and prior safety reviews mentioned in Mr. Clay's letter.

4. The requested information will help the public understand the extent and manner in which WS integrates human casualty information into its preventative procedures as well as any inadequate planning by agency official that may be needlessly endangering, or may have endangered, both federal employees and members of the public.

5. On April 15, 2008, the USDA sent Plaintiff a "partial response" to the FOIA request that included thirty-five (35) pages of records involving a tragic boating incident in a file enclosed on a CD-ROM, as well as a notice that the USDA forwarded the FOIA request to the United States Department of Labor's Occupational Safety & Health Administration ("OSHA") and the United States Department of the Interior's Division of Information Resources & Technology Management ("IRTM"). Unfortunately, the 35 pages of records only vaguely related to Plaintiff's FOIA request, they did not in any fashion clarify or discuss the WS safety reviews referred to in Mr. Clay's letter dated November 19, 2007 and requested in Plaintiff's FOIA request of January 28, 2008.

6. Plaintiff appealed this constructive denial in a letter dated April 18, 2008 (attached hereto) addressed to the APHIS FOIA Appeals Officer.

7. On May 27, 2008, Plaintiff received a letter from OSHA, dated May 21, 2008, along with a large packet of records that covered two OSHA inspections, 309090314 and 309089597, both of which dealt with the same boating incident included in the records received by Plaintiff on April 15, 2008. The records, approximately two hundred (200) pages in length, included department reports and news articles on the boating incident, as well as boat training materials, boat training logs, radio equipment descriptions, radio frequencies used by WS, several radio training manuals, and a duplicate set of the thirty-five pages received by Plaintiff on April 15, 2008. Again, despite Plaintiff explicitly detailing in its January 28, 2008 FOIA request the specific records it sought, the material produced was only vaguely related to Plaintiff's FOIA request.

8. APHIS never provided Plaintiff with written confirmation that it had received Plaintiff's April 18, 2008 FOIA appeal. Given the lack of response, on June 13, 2008, Plaintiff called the APHIS FOIA Appeals office and received verbal confirmation of receipt of the appeal (affidavit attached hereto). Thus, USDA/APHIS received Plaintiff's FOIA appeal *no later than* June 13, 2008.

9. To date Plaintiff has still not received any response to its FOIA appeal. USDA's conduct is arbitrary and capricious and amounts to a denial of Plaintiff's FOIA request. USDA's conduct frustrates Plaintiff's efforts to educate the public regarding the safety of Wildlife Services' operations and the possible need for further safety reviews. PEER requests that all fees be waived because "disclosure of the information is in the public interest . . . and is not primarily in the commercial interest of the requestor" (5 U.S.C. 552 (a) (4)(A))

3

10. Plaintiff seeks a court order requiring USDA to immediately produce the documents sought in the FOIA request, as well as other appropriate relief.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over this action under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction).

12. This Court has the authority to grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

13. This Court has the authority to award costs and attorneys' fees under 28 U.S.C. § 2414 and 5 U.S.C. § 552(a)(4)(E).

14. Venue is properly vested in this Court under 28 U.S.C. § 1391(e), because the Defendant resides in this district and a substantial part of the events and omissions which gave rise to this action occurred in this district. Venue is also proper under 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

15. Plaintiff PEER is a non-profit public interest organization, with its main office located Washington, D.C., and field offices located in California, Colorado, Florida, Massachusetts, New Mexico, New Jersey, and Tennessee.

16. PEER is not a commercial enterprise for purposes of the fee waiver provisions of FOIA. *See* 5 U.S.C. § 552(a)(4)(A)(iii). Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues,

4

focusing on the environment, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government.

17. Informing the public about these important public policy issues is central to PEER's mission. PEER educates and informs the public through news releases to the media, PEER's web site www.peer.org, which draws between 1,000 and 10,000 viewers per day, and PEER's newsletter which has a circulation of approximately 20,000, including 1,500 environmental journalists.

18. Defendant USDA is an agency of the United States as defined by 5 U.S.C. § 551(1) and 5 U.S.C. § 552(f)(1), and is charged with the duty to provide public access to documents in its possession consistent with the requirements of the FOIA and is denying Plaintiff access to its records in contravention of federal law.

## FACTS

19. Plaintiff submitted a FOIA request, including a fee waiver request, to USDA dated January 28, 2008.

20. Plaintiff's request sought the following records related to pending and prior safety reviews of Wildlife Services: records relating to the scope of the safety reviews, all communications with prospective or selected safety reviewers; documents and communications indicating how and why particular individuals, firms or other entities were selected to conduct these reviews, including any justifications cited for not conducting competitive bidding; a catalogue of the previous "safety improvements" referred to by Mr. William Clay, Deputy Administrator Wildlife Services, together with the internal or external records or communications which led to those

5

improvements; and, finally, an index itemizing and describing the documents or portions of documents withheld pursuant to the holding of Vaughn v. Rosen (484 F.2d 820 [D.C. Cir. 1973] cert. denied, 415 U.S. 977 [1974]).

21. USDA responded to Plaintiff's request in a letter dated January 31, 2008 and assigned Plaintiff's request FOIA #08-350.  The USDA informed Plaintiff that it would not meet statutory time limits for responding to the FOIA request, but assured Plaintiff that responding to all FOIA requests as promptly as possible was a "high priority" for the agency.

22. In a show of good faith, Plaintiff afforded USDA ample time beyond that legally required for it to respond to Plaintiff's FOIA request before appealing this constructive denial in a letter to the USDA National Appeals Division dated March 31, 2008. In a letter dated April 10, 2008, the NAD informed Plaintiff that it did not have jurisdiction on this issue.

23. Five days later, on April 15, 2008, Plaintiff received a CD-ROM with 35 pages of documents on it from USDA/APHIS. These 35 pages, which dealt with boating safety training as well as a radio communications manual, were at best only vaguely related to Plaintiff's FOIA request which sought specific information about safety reviews for Wildlife Services.

24. By letter dated April 18, 2008, Plaintiff appealed the constructive denial of its FOIA request to the APHIS FOIA Appeals Officer at USDA and explained why the USDA's response was wholly inadequate.

25. On May 7, 2008, Plaintiff received a letter from Ms. Jennifer A. Ashley, the Director of the OSHA Office of Communications, stating that the FOIA request had been

6

referred to OSHA and, in turn, that she had forwarded the inquiry to OSHA's Seattle location.

26. On May 12, 2008, Plaintiff received a letter from Mr. David L. Mahlum, the Assistant Regional Administrator in the Office of Federal and State Operations for OSHA's Seattle office stating that the FOIA request had been referred to the OSHA Bellevue Area Office for review and release.

27. On May 21, 2008, Plaintiff received from OSHA the previously described large packet of approximately 200 pages of material that included: an OSHA Notice of Unsafe or Unhealthful Working Conditions and attached documents; detailed reports involving the tragic boating accident of March 2, 2006 in Sedro-Woolley, Washington; news reports and photographs of the same accident and recovery operations; retail advertisements describing the type of boat that was involved in the accident; emails; a final report on the topic; a Wildlife Services policy manual table of contents; a boat training "PowerPoint" presentation; the same Motorboat Operator Certification Course manual that was included on the CD-ROM sent on April 15, 2008; a memorandum on WS Standard Operating Procedures for Boat Operations in Washington and Alaska; documents on a Marine Experience LLC Deck Hand Course given at different times throughout 2006; training rosters of these courses; a Washington state WS Radio/Communications Manual; a USDA/APHIS/WS Radio Training Manual with a Users Guide; and various explanations of different types of radios and their uses. Like the initial materials USDA/APHIS had sent Plaintiff on April 15, 2008, these released documents were at best only vaguely related to Plaintiff's FOIA request #08-350 that specifically asked for details of the WS safety

7

reviews that were mentioned in Mr. William Clay's letter to Plaintiff dated November 19, 2007, and they certainly do not remedy Defendant's failure to provide an adequate response to Plaintiff's FOIA request.

28. On June 3, 2008, Plaintiff received a packet of ten pages of documents from the United States Department of the Interior Fish and Wildlife Service's FOIA Officer Mr. Johnny R. Hunt that contained a student reference manual from a Motorboat Operator Certification Course and a note regarding boat training for an employee. These documents also were only vaguely related to FOIA request #08-350, and they certainly do not remedy Defendant's failure to provide an adequate response to Plaintiff's FOIA request.

29. Finally, on June 13, 2008, having received no response whatsoever to the FOIA appeal it sent to APHIS on April 18, 2008, Plaintiff contacted Mr. Reet Kaseoru, Program Specialist at the APHIS Legislative and Public Affairs office, who informed Plaintiff that his office had received and is in possession of Plaintiff's FOIA Appeal Letter regarding FOIA request #08-350.  Thus, USDA/APHIS received Plaintiff's FOIA appeal *no later than* June 13, 2008, and likely received it much earlier.

30. The documents USDA/APHIS provided do not in any sense adequately respond to Plaintiff's FOIA request, and APHIS has not responded to Plaintiff's appeal of that inadequate response.  The USDA forwarded FOIA request #08-350 to an OSHA office in Washington State that had an investigation dealing with a tragic boating accident unrelated to the National Safety Review discussed in Mr. Clay's letter dated November 19, 2007.  This National Safety Review pertained to issues of improving Wildlife Services' safety standards because there have been 51 accidents and 106

8

crashes since 1979 resulting in 10 deaths and 28 injuries involving the Wildlife Services aerial gunning program, as well as inaccurate inventories of dangerous biological agents and toxins. Wildlife Services' safety record is abysmal and it is clear that the agency has not responded properly to Plaintiff's FOIA request considering its actions to date.

31. Defendant USDA did not respond to Plaintiff's April 18, 2008 appeal, nor did it provide the requested documents in response to Plaintiff's FOIA request dated January 28, 2008 – over five (5) months ago. In so doing, USDA failed to meet the twenty (20) day limit FOIA imposes for responding to an appeal. <u>See</u> 5 U.S.C. § 552(a)(6)(A)(ii).

32. Plaintiff has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(6) for its FOIA request, and now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

## CAUSES OF ACTION

### Count I: Violation of the Freedom of Information Act: FOIA Request #2008-00350

33. Plaintiff repeats the allegations in paragraphs 1 through 10 and 19 through 32.

34. USDA's failure to disclose the requested documents is a violation of FOIA, 5 U.S.C. § 552, and the agency's own regulations promulgated there under.

### Count II: Violation of the Administrative Procedure Act: FOIA Request #2008-00350

35. Plaintiff repeats the allegations in paragraphs 1 through 10 and 19 through 32.

36. USDA's failure to disclose documents responsive to Plaintiff's request constitutes agency action unlawfully withheld and unreasonably delayed, in violation of the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706. USDA's failure in this matter is arbitrary, capricious, an abuse of discretion, not in accordance with the law and without observance of procedure required by law, all in violation of the APA.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests and prays that this Court:

37. Enter an Order declaring that USDA has wrongfully withheld the requested agency records;

38. Issue a permanent injunction directing USDA to disclose to Plaintiff all wrongfully withheld documents;

39. Maintain jurisdiction over this action until USDA is in compliance with FOIA, APA and every order of this Court;

40. Enter an Order declaring that Plaintiff is entitled to a full fee waiver under 5 U.S.C. § 552 (a)(4)(A)(iii) for Plaintiff's FOIA request to the extent that USDA does not provide a full fee waiver for Plaintiff's request;

41. Award Plaintiff its attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

42. Grant such additional and further relief to which Plaintiff may be entitled.

Dated: Washington, D.C.

July 16, 2008

                                      Respectfully submitted,


                                        /s/   Paula Dinerstein
                                      Paula Dinerstein, DC Bar No. 333971
                                      Senior Counsel
                                      Public Employees for Environmental Responsibility
                                      2000 P Street, NW, Suite 240
                                      Washington, D.C. 20036
                                      (202) 265-7337



                                        /s/ Adam Draper
                                      Adam E. Draper, DC Bar No. 974880
                                      Staff Counsel
                                      Public Employees for Environmental Responsibility
                                      2000 P Street, NW, Suite 240
                                      Washington, D.C. 20036
                                      (202) 265-7337

                                      Attorneys for Plaintiff

Garfield Daley
Acting FOIA Officer
USDA/APHIS
4700 River Road, Unit 50
Riverdale, MD 20737-1232

January 28, 2008

**RE: FOIA REQUEST**

Dear Mr. Daley:

In a letter to Public Employees for Environmental Responsibility (PEER) dated November 19, 2007 (attached), William Clay, Deputy Administrator Wildlife Services, indicated that –

1) Wildlife Services (WS) would undertake specified safety reviews that 'will be completed by July 2008"; and
2) "As with past reviews or on our own initiative, WS has implemented major safety improvements to ensure the continued safety of our employees."

Pursuant to the Freedom of Information Act, 5 U.S.C. 552, as amended, PEER requests information concerning the current and past WS safety reviews referred to in Mr. Clay's letter.

Specifically, we request the following:

- Records relating to the scope of the safety reviews, including all communications with prospective or selected safety reviewers;
- Documents and communications indicating how and why particular individuals, firms or other entities were selected to conduct these reviews, including any justifications cited for not conducting competitive bidding; and
- A catalogue of the previous "safety improvements" referred to by Mr. Clay together with the internal or external records or communications which led to those improvements.

For any documents or portions of documents that you block release due to specific exemption(s) from the requirements of the Freedom of Information Act, please provide an index itemizing and describing the documents or portions of documents withheld. The index should, pursuant to the holding of Vaughn v. Rosen (484 F.2d 820 [D.C. Cir. 1973] cert. denied, 415 U.S. 977 [1974]), provide a detailed justification for claiming a particular exemption that explains why each such

exemption applies to the document or portion of a document withheld.

PEER requests that all fees be waived because "disclosure of the information is in the public interest . . . and is not primarily in the commercial interest of the requestor" (5 U.S.C. 552 (a)(4)(A)):

*1. The subject matter of the requested records must specifically concern identifiable operations or activities of the government.*
The FOIA request is, by its terms, limited to identifiable activities of WS, its employees, contractors and the equipment and safety practices they employ.

*2. For the disclosure to be "likely to contribute" to the understanding of specific government operations or activities, the releasable material must be meaningfully informative in relation to the subject matter of the request.*
The requested material consists of information about ongoing and past safety reviews. As such, the requested records are the most meaningful documents that could be requested on this topic.

*3. The disclosure must contribute to the understanding of the public at large, as opposed to the understanding of the requestor or a narrow segment of interested persons.*
The requested information concerns safety of federal employees, as well as hazard reduction for members of the general public who come into contact with WS operations.

The general public has a keen interest in any factor bearing on public safety.

Further, the public is deeply concerned about the manner in which lethal and non-lethal wildlife management is conducted.

This request relates to all of those areas of broad interest by the public.

PEER intends to provide the requested information to the general public through —

- Release to the news media;
- Posting on PEER's web page which draws between 1,000 and 10,000 viewers per day; and
- Publication in PEER's newsletter that has a circulation of approximately 20,000, including 1,500 environmental journalists.

As the Agency well knows from past direct experience, PEER has a long track record of attracting media and public attention to the internal records of federal agencies, including WS as demonstrated earlier in recent months by national news coverage generated by PEER and others concerning the WS safety reviews and related topics.

*4. The disclosure must contribute "significantly" to public understanding of government operations or activities.*
While it is difficult to warrant in advance to seeing it just how significant the information will be

to the general public, the nature of the information should shed some direct light on the need for heightened safety practices, as well as previous safety measures which have not likely been previously disclosed to the public. We expect the records to show the extent and manner in which WS integrates human casualty information into its preventative procedures.

In addition, the records may show inadequate planning by agency officials that may be needlessly endangering, or may have endangered, both federal employees and members of the public.

*5. The extent to which disclosure will serve the requestor's commercial interest.*
Disclosure is in no way connected with any commercial interest of the requestors in that PEER is a nonprofit, nonpartisan public interest organization concerned with upholding the public trust through responsible management of our nation's resources and with supporting professional integrity within public land management and pollution control agencies. To that end, PEER is designated as a tax-exempt organization under section 501(c)(3) of the Internal Revenue Code.

*6. The extent to which the identified public interest in the disclosure outweighs the requestor's commercial interest.*
As stated above, disclosure is in no way connected with any commercial interest of the requestors in that PEER is a nonprofit, nonpartisan public interest organization concerned with upholding the public trust through responsible management of our nation's resources and with supporting professional integrity within public land management and pollution control agencies. To that end, PEER is designated as a tax-exempt organization under section 501 (c) (3) of the Internal Revenue code.

If you have any questions about this FOIA request, please contact me at (202) 265-PEER. I look forward to receiving the agency's final response within 20 working days.


Cordially,


Jeff Ruch
Executive Director

APHIS
FOIA Appeals
U.S. Department of Agriculture
1400 Independence Ave, SW
Washington, D.C. 20250

April 18, 2008

**RE: Freedom of Information Act Appeal/ FOIA 08-350**

To APHIS FOIA Appeals Officer:

On January 28, 2008, PEER submitted a Freedom of Information Act request (Attachment 1) to the Acting FOIA Officer at USDA/APHIS seeking documents concerning pending and prior safety reviews of Wildlife Services (WS) operations.

Specifically, we requested the following:

- Records relating to the scope of the safety reviews, including all communications with prospective or selected safety reviewers;
- Documents and communications indicating how and why particular individuals, firms or other entities were selected to conduct these reviews, including any justifications cited for not conducting competitive bidding; and
- A catalogue of the previous "safety improvements" referred to by Mr. Clay together with the internal or external records or communications which led to those improvements.

By letter dated January 31, 2008 (Attachment 2), APHIS acknowledged the receipt of our FOIA request and indicated that it would "be unable to comply with the twenty-working day time limit in this case, as well as the ten additional days provided by statute."

To date PEER has yet to receive any of the requested documents nor have we been apprised as to when APHIS plans to comply with our request. PEER regards this inordinate delay past the maximum statutory limits in complying with our Freedom of Information Act (FOIA) request as a constructive denial. By this letter, PEER appeals the decision to withhold the requested documents.

Thank you for the consideration of this appeal.

Cordially,


Jeff Ruch
Executive Director

Steven E. Lubot

1255 New Hampshire Ave, NW

Apt. 512

Washington, DC 20036

(973) 897-8214

Steven.lubot@gmail.com

## DECLARATION OF FACTS

I ___Steven E. Lubot___ state:

1. This declaration is being written to have proof of receipt of a Freedom of Information Act Appeals Letter.

2. This is in reference to FOIA Request 08-350.

3. On June 13th, 2008 at approximately 3:45 PM, I called (301) 734-7251 and reached Mr. Reet Kaseoru, Program Specialist at the Legislative and Public Affairs office of the Animal and Plant Health Inspection Service division of the United States Department of Agriculture.

4. That, during this phone call, I received verbal confirmation and acknowledgement that Mr. Kaseoru's office had received and is in possession, currently in the "hard-copy log", of the Freedom of Information Act Appeal Letter regarding Freedom of Information Act Request number 08-350.

I declare under penalty of perjury that the foregoing is true and correct.

_____  6/13/08
STEVEN E. LUBOT

# CIVIL COVER SHEET

JS-44
Rev. 2/01 (DC)

## I (a) PLAINTIFFS
Public Employees for Environmental Responsibility

## DEFENDANTS
U.S. Department of Agriculture

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: In land condemnation cases, use the location of the tract of land involved.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Paula Dinerstein
Senior Counsel
Public Employees for Environmental Responsibility
2001 S Street NW, Suite 570
Washington, DC 20009
(202) 265-7337

Case: 1:08-cv-01215
Assigned To : Sullivan, Emmet G.
Assign. Date : 7/16/2008
Description: FOIA/Privacy Act

## II BASIS OF JURISDICTION
(SELECT ONE BOX ONLY)

- ○ 1  U.S. Government Plaintiff
- ● 2  U.S. Government Defendant
- ○ 3  Federal Question (U.S. Government Not a Party)
- ○ 4  Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (SELECT ONE FOR PLAINTIFF AND ONE FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY!)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Select one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
- [ ] 410 Antitrust

### ○ B. Personal Injury/Malpractice
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Medical Malpractice
- [ ] 365 Product Liability
- [ ] 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- [ ] 151 Medicare Act

**Social Security:**
- [ ] 861 HIA ((1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g)
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g)

**Other Statutes**
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**Personal Property**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**Bankruptcy**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**Property Rights**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**Forfeiture/Penalty**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**Federal Tax Suits**
- [ ] 870 Taxes (US plaintiff or defendant)
- [ ] 871 IRS-Third Party 26 USC 7609

**Other Statutes**
- [ ] 400 State Reapportionment
- [ ] 430 Banks & Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 900 Appeal of fee determination under equal access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions (if not administrative agency review or Privacy Act)



(3)

| ○ G. Habeas Corpus/2255 | ○ H. Employment Discrimination | ⊙ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

V. ORIGIN
⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
U.S. Department of Agriculture violated the Freedom of Information Act, 5 U.S.C. § 552, by failing to timely disclose records requested by Plaintiff.

VII. REQUESTED IN COMPLAINT    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ _____    Select YES only if demanded in complaint    JURY DEMAND: ☐ YES ☒ NO

VIII. RELATED CASE(S) IF ANY    (See instruction)    ☐ YES ☒ NO    If yes, please complete related case form.

DATE 7/16/08    SIGNATURE OF ATTORNEY OF RECORD _____ For Paula Dinerstein

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.